IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BOBBY CLEVELAND BENNETT #145200     PLAINTIFF

V.     Case No. 3:24-CV-00054-BRW-BBM

KEVIN MOLDER, Sheriff, Poinsett County Detention Center; REGINA HINDMAN, Lt., Poinsett County Detention Center; TABITHA SIMONS, Sgt., Poinsett County Detention Center; and BJ CARTER, Administrator, Poinsett County Detention Center     DEFENDANTS

**ORDER**

**I.   INTRODUCTION**

On March 29, 2024, Plaintiff Bobby Cleveland Bennett ("Bennett"), an inmate currently incarcerated in the Poinsett County Detention Center, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. (Doc 1). An Amended Complaint followed. (Doc. 3). Bennett alleges that Defendants—Kevin Molder ("Molder"), Regina Hindman ("Hindman"), Tabitha Simons ("Simons"), and BJ Carter ("Carter")—violated his constitutional rights. (Doc. 1 at 4; Doc. 3 at 4).

Before Bennett may proceed with this action, the Court must screen his claims in accordance with the Prison Litigation Reform Act ("PLRA").[1] 28 U.S.C. § 1915A(a). The

---

[1] The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the

Court will read the Complaint and Amended Complaint together in conducting its screening. *Kiir v. N.D. Pub. Health*, 651 F. App'x. 567, 568 (8th Cir. 2016) (unpublished) (citations omitted).

## II.  ALLEGATIONS

According to Bennett, there is black mold growing in the showers at Poinsett County Detention Center. (Doc. 1 at 4; Doc. 3 at 4). There is also trash in the showers and hair in the drain with no drain covers. (Doc. 1 at 4). There is food is all over the walls inside the barracks, and the jail does not give the inmates bleach for cleaning. *Id*. The toilets leak in some of the cells, and there is no hot water in most of the cells. *Id*. They have three men housed in two-man cells, with one man sleeping on the floor. (Doc. 3 at 4). The inmates are locked down behind padlocks with no emergency buttons or intercoms in the cells. (Doc. 1 at 4; Doc. 3 at 4). They are provided with just enough food to keep them alive, and they are charged $50 for a nurse call. (Doc. 1 at 4; Doc. 3 at 4).

Bennett sues Defendants in both their official and personal capacities. (Doc. 1 at 2; Doc. 3 at 2). He asks that the Court "fix this problem" and permanently close Poinsett County Detention Center. (Doc. 1 at 5; Doc. 3 at 5).

## III.  INITIAL SCREENING

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a

---

factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

"formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Id*. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

However, "[a] pro se complaint must be liberally construed," and courts "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (cleaned up; citations omitted); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted). Liberally construing Bennett's claims, he fails to allege any plausible claim against the named Defendants.

### A. No Personal Action by Defendants

Bennett sues all of the Defendants in their individual capacities. (Doc. 1 at 2; Doc. 3 at 2). In § 1983 actions, government officials are only liable for their "*own* individual actions." *Iqbal*, 556 U.S. at 676 (emphasis added). Bennett does not allege that any one Defendant was directly involved in ignoring the alleged unsanitary and hazardous conditions at the jail, or any other constitutional violation. Instead, he makes vague allegations as to the conditions at the Poinsett County Detention Center, but he does not attribute his allegations to any named Defendant. (Doc. 1 at 4; Doc. 3 at 4). Without any facts regarding actions taken directly by any individual Defendant, the allegations are far too broad and vague for the Court to determine which Defendants, if any, violated Bennett's constitutional rights.

### B.  Conditions of Confinement

Bennett alleges that living conditions are "very bad" at the Poinsett County Detention Center. (Doc. 1 at 4). To determine which conditions-of-confinement standard applies to Bennett's claims, the Court must know Bennett's incarceration status at the time of the alleged conditions. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906–08 (8th Cir. 2020) (discussing whether the Eighth Amendment's "deliberate indifference" standard or a "no-punitive-conditions" standard applied to pretrial detainee's conditions-of-confinement claim).

In his Complaint, Bennett indicates that he is "serving a sentence as a result of a judgment of conviction[,]" but in his Amended Complaint, he states that he is "in jail and still awaiting trial on pending criminal charges[.]" (Doc. 1 at 3; Doc. 3 at 3).

#### 1.  Conditions-of-Confinement Claim for Pretrial Detainee

If Bennett was a pretrial detainee at the time of the alleged constitutional violations, his conditions-of-confinement claims are analyzed under the Fourteenth Amendment's due process clause. *Stearns*, 957 F.3d at 906 (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)). To state a viable due process claim, Bennett must allege facts showing that the conditions of his confinement "rise to the level of punishment." *Id*. "Absent a showing of an expressed intent to punish," Bennett must allege facts suggesting that the conditions are "arbitrary or purposeless," *i.e.*, that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose. *Bell*, 411 U.S. at 538–39; *Stearns*, 957 F.3d at 907. The Court must look at the "totality of

circumstances of [] confinement and not any particular condition in isolation." *Stearns*, 957 F.3d at 909. Mere negligence is insufficient to support a claim. *Id*. at 908 n.5.

Bennett does not provide any facts related to the length of time that he was exposed to or experienced any of the conditions described in his Complaint or Amended Complaint, nor does he allege that any Defendants were aware of the issues of which he complains. Further, he does not indicate that he was harmed in any way by the conditions at the Poinsett County Detention Center. Because Bennett does not allege any specific wrongdoing by any individual Defendant, he has failed to state a Fourteenth Amendment conditions-of-confinement claim against any Defendant.

### 2. Conditions-of-Confinement Claim for Convicted Prisoner

If Bennett was a convicted prisoner at the time of the alleged constitutional violations, his conditions-of-confinement claims are analyzed under the Eighth Amendment's cruel and unusual punishment clause. *Stearns*, 957 F.3d at 906. To establish a conditions-of-confinement claim as a convicted prisoner, "a plaintiff must demonstrate (1) that the alleged deprivation was 'objectively, sufficiently serious' enough to result in the 'denial of the minimal civilized measure of life's necessities,' and (2) that the prison official whose action or omission caused the deprivation behaved with 'deliberate indifference to inmate health or safety.'" *Hamner v. Burls*, 937 F.3d 1171, 1178 (8th Cir. 2019), as amended (Nov. 26, 2019) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Because Bennett does not allege any specific wrongdoing by any individual Defendant, he has failed to state an Eighth Amendment conditions-of-confinement claim against any Defendant.

### C. Official Capacity

Bennett also sues Defendants in their official capacities. (Doc. 1 at 2; Doc. 3 at 2). To plead a claim against Defendants in their official capacities, Bennett must allege facts showing that the purported constitutional violations were the result of an official Poinsett County policy, an unofficial custom, or a failure to train. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). Even liberally construing Bennett's claims, he makes no such allegations. Therefore, Bennett has failed to state any official-capacity claims against Defendants.

### IV. OPPORTUNITY TO AMEND

The Court will allow Bennett thirty (30) days from the date of this Order to file a second amended complaint to correct the deficiencies in his current pleading. Any second amended complaint must list the Defendants that Bennett believes were *personally involved* in the alleged unconstitutional violations and explain *how* those Defendants were personally involved. If Bennett seeks to state an official-capacity claim related to his conditions-of-confinement, he must state his basis for doing so.

Further, Bennett has failed to clearly specify his prisoner status at the time of the alleged constitutional violations. In any second amended complaint, he must explain the nature of his status at the Poinsett County Detention Center when the alleged unconstitutional acts occurred. Specifically, Bennett must clearly state whether he: (1) had been arrested, but not yet convicted; (2) was serving a sentence as the result of being convicted of a crime; or (3) was in jail for a probation violation.

Bennett is placed on notice that, if he files a second amended complaint, that pleading will supersede his previous Complaint and Amended Complaint. *See In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Accordingly, his Second Amended Complaint should contain *all Defendants* he seeks to name in this matter, *all claims* he seeks to pursue in this action, and *the factual predicate* for all claims against all Defendants. If Bennett elects not to file a second amended complaint, the Court will proceed to screen his Complaint and Amended Complaint, (Docs. 1, 3).

## V. CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to mail Bennett a § 1983 complaint form that is labeled "Second Amended Complaint."

2. Bennett will be allowed to file, **within thirty (30) days of the date of this Order**, a Second Amended Complaint, containing the facts described in this Order, which are necessary to support his claims. If he elects not to file a timely Second Amended Complaint, the Court will screen his original Complaint and Amended Complaint.

DATED this 4th day of November, 2024.

_____
UNITED STATES MAGISTRATE JUDGE